UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **SACV 13-0424-AG (RNBx)**                                  Date: **November 6, 2013**

Title:  **St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Ivette Gomez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
      None present                                              None present

**PROCEEDINGS:  (IN CHAMBERS)**


The parties are advised that their Confidentiality Agreement has been referred to the Magistrate Judge for consideration, and that the Magistrate Judge declines to issue an Order approving it for the following reasons:

   1.   The parties need to make clear in ¶ 3.e that any motion challenging a confidentiality designation will need to be made in strict compliance with Central District Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

   2.   Paragraph 8 as currently framed could be construed as authorizing a receiving party to disobey a lawful subpoena issued in another action.  The Court also notes that neither Fed. R. Civ. P. 26 nor Fed. R. Civ. P. 45 provides that compliance with a subpoena is automatically stayed by the filing of a protective order motion. Accordingly, this paragraph needs to be substantially revised and needs to include the following sentence: "Nothing in this Confidentiality Agreement is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action."

   3.   In lieu of the first paragraph of ¶ 13, the Confidentiality Agreement should provide:

> *In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 13-0424-AG (RNBx)                                November 6, 2013
**St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**                                Page 2

-----------------------------------------------------------------------------------------------------------------

> *papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.*

Further, the parties are forewarned that neither the fact that counsel have stipulated to an under seal filing nor the fact that a proposed filing contains information or documents that one of the parties elected to designate as "Confidential" in accordance with the terms of the Confidentiality Agreement is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information or documents under seal. At the very least, the parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents and that the standard for a nonpublic filing is met. For declarations with exhibits, this means making the requisite showing on an exhibit by exhibit basis. Moreover, if the sealing application relates to a dispositive motion, a "good cause" showing under Federal Rule 26(c) will not suffice. Rather, the parties will need to show that "compelling reasons" support secrecy. See <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-81 (9th Cir. 2006); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1136 (9th Cir. 2003).

   4. The Court is unwilling to approve a provision that accords the terms of the Confidentiality Agreement precedence over the Local Rules of Court. Accordingly, the second sentence of ¶ 15 needs to be eliminated. Further, that paragraph needs to be revised to make clear that no modification of the Confidentiality Agreement pursuant to the agreement of the parties shall have the force or effect of a Court order unless the Court approves the modification.

   5. The signature block for the Judge's Order needs to be changed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 13-0424-AG (RNBx)             November 6, 2013

**St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**      Page 3

---

to the signature block for the Magistrate Judge.

cc:     Judge Guilford

MINUTES FORM 11                                      Initials of Deputy Clerk   ig

CIVIL-GEN