1  Michael J. McGaughey (Bar No. 198617)
   **DICKSTEIN SHAPIRO LLP**
2  2049 Century Park East, Suite 700
   Los Angeles, CA  90067-3109
3  Telephone:  (310) 772-8349
   Facsimile:   (310) 772-8301
4  Email: mcgaugheym@dicksteinshapiro.com
   Attorneys for the Federal Deposit Insurance
5  Corporation as Receiver for Pacific Coast National Bank

6

7              **UNITED STATES DISTRICT COURT**

8             **CENTRAL DISTRICT OF CALIFORNIA**

9                  **SOUTHERN DIVISION**

10  **ST. PAUL MERCURY INSURANCE**          CASE NO. 8:13-cv-424-AG (RNBx)
    **COMPANY,**
11                                          Assigned to the
                   **Plaintiff,**           Hon. Andrew J. Guilford
12
          **v.**                            **ORDER RE:**
13                                          **CONFIDENTIALITY AGREEMENT**

14  **MICHAEL S. HAHN, COLIN M.**
    **FORKNER, MICHAEL V. CUMMINGS,**
15  **RICHARD W. GRINYER, STANLEY M.**
    **CRUSE, DAVID L. ADAMS, and the**
16  **FEDERAL DEPOSIT INSURANCE**
    **CORPORATION AS RECEIVER FOR**
17  **PACIFIC COAST NATIONAL BANK,**

18                 **Defendants.**

19

20

21

22

23

24

25

26

27

28

                            - 1 -

1   Plaintiff St. Paul Mercury Insurance Company ("Travelers"), defendants Michael S. Hahn,
2   Colin M. Forkner, Michael V. Cummings, Richard W. Grinyer, Stanley M. Cruse, David L. Adams
3   (collectively, the "D&O Defendants"), and the Federal Deposit Insurance Corporation as Receiver for
4   Pacific Coast National Bank (hereinafter the "FDIC-R"), by and through their undersigned counsel, do
5   hereby stipulate and agree to the following provisions governing the handling and treatment of
6   "Confidential Material" with respect to the captioned action.  Travelers, the D&O Defendants and the
7   FDIC-R are referred to individually as a "Party" and collectively as the "Parties."

8

9                                              **RECITALS**

10       a.      On March 12, 2013, Travelers filed this action seeking a declaratory judgment.  The
11   D&O Defendants and the FDIC-R have answered and asserted affirmative defenses.

12       b.      The Parties wish to designate as confidential certain documents and information
13   exchanged in connection with this litigation.

14                                   **AGREEMENT AND ORDER**

15       Now, therefore, the Parties agree as follows:

16       1.      ***Purpose and Scope.*** This Confidentiality Agreement (the "Agreement") is entered into
17   for the purpose of allowing the Parties to exchange Confidential Material, as defined in Paragraph 2
18   below, in order that they may prosecute and defend the captioned action, while simultaneously
19   maintaining the confidential nature of Confidential Material they exchange.  This Agreement shall
20   govern Confidential Material that the Parties may produce in discovery and pursuant to their disclosure
21   obligations in the captioned action, as well as Confidential Material produced by non-parties that is
22   designated as such by the producing party as described in paragraph 2.e or any Party to this litigation.

23       2.      ***Definition of Confidential Material.***  For purposes of this Agreement, "Confidential
24   Material" shall mean certain documents, records, and information that are not publicly available and
25   that are produced by any Party or by non-parties and designated as "Confidential Material" pursuant to
26   this Agreement, including, without limitation, any information identifying any names, addresses,
27   account information, personal information (such as social security number, date of birth, and any other
28   personal identification information) recognized by law as, or required to be maintained as, confidential.

- 2 -

Confidential Material specifically includes, without limitation, the following:

a. **Regulatory:** Confidential Material related in any way to the regulation or supervision of Pacific Coast National Bank (the "Bank"), in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from, or with the Federal Deposit Insurance Corporation ("FDIC"), the OCC, the Board of Governors of the Federal Reserve System, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory documents may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to anyone other than the Parties and other persons or entities identified in subparagraphs 5.a.-5.i. below without approval by the respective regulatory authority or a court order. Confidential Material includes documents that are confidential or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the federal regulations governing the disclosure of information, including but not limited to 12 C.F.R. Parts 261, 309, and 310, the laws of the State of California, or any other applicable federal or state laws.

b. **Bank and Bank Customers:** Confidential Material related to the Bank; its directors, officers, employees, or customers; any trading company involved in placing orders for commodities futures or options; or any other entity. Such Confidential Material includes but is not limited to Automatic Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of Confidential Material include, without limitation, documents containing a

- 3 -

customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship, and loan application materials.

   c. **Receivership:** Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets not publicly available. No Confidential Materials whose disclosure could cause a loss to such assets (such as estimates of loss on assets or the estimated value or sale price of assets) shall be provided to any person or entity having any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Confidentiality Agreement, provided that FDIC-R designates such documents and information as Confidential Receivership Materials, and notifies Travelers and the D&O Defendants in writing of the identity of persons to whom such documents cannot be shown.

   d. **Trade Secret/Proprietary Information:** Documents and information that any of the Parties reasonably believes constitute(s), reflect(s), or disclose(s) trade secrets, proprietary data, or commercially sensitive information. Confidential Material includes, without limitation, documents and information obtained by Travelers from the Bank, the D&O Defendants, or any person or entity acting on their behalf, or provided by Travelers to such persons or entities, that is subject to an agreement governing the confidentiality of such documents and information.

   e. **Non-Party Designations:** Any non-party producing documents in this litigation may avail itself of the confidential treatment provided for in this Confidentiality Agreement for its documents, information, or testimony by following the procedures provided herein.  Any non-party that wishes to produce documents subject to this provision agrees to be bound by the terms and conditions of this Confidentiality Agreement and agrees that any disputes or issues relating to the application, interpretation, or use of the Confidentiality Agreement will be resolved in the United States District Court for the Central District of California

Regardless of any confidential designation by a Party or non-party, this Confidentiality

- 4 -

Agreement shall not apply to any documents independently obtained by a receiving Party or to any documents previously in the possession, custody, or control of a receiving Party unless such documents were produced previously by any of the Parties subject to another protective order or confidentiality agreement between any of the Parties.

        3.     ***Confidential Designation and Treatment of Confidential Material.*** Confidential Material shall be designated as such in the following manner:

        a.  **Documents:** Confidential Material contained in or consisting of paper or electronic documents, in whatever form, shall be designated by the producing Party as Confidential Material by stamping each page of such documents with the legend "Confidential." Alternatively, in the case of a voluminous production of a specific type of document, the producing Party may designate such documents as Confidential Material by providing along with the documents, a written designation by Bates number of the documents so designated. As set forth in Paragraph 3.b. below, the failure to designate any documents with such legend shall not constitute a waiver by the producing Party of the right to assert that such documents contain or consist of Confidential Material. As set forth in Paragraph 3.c. below, the failure of the producing Party to designate documents as Confidential Material shall not preclude any other Party from designating such documents as Confidential Material.

        b.  **Failure to Designate:** In the event that any Party inadvertently produces confidential documents or information without designating the documents or information as Confidential Material, and if the producing Party subsequently notifies the other Parties and their counsel in writing within a reasonable time following production that the documents or information should have been designated Confidential Material, the Parties agree to treat any such subsequently identified documents or information as duly designated Confidential Material and subject to this Agreement. In the case of notice provided more than thirty (30) days following production, in the event of a dispute among the Parties as to the reasonableness of the notice, the burden shall be on the producing Party to demonstrate that such notice was reasonable. Any disclosure of such

- 5 -

documents or information by any Party prior to receiving written notice that they should have been designated Confidential Material shall not constitute a violation of this Agreement.

c.  **Additional Designations:** Upon receipt of documents or information from a producing Party or non-party, any Party may designate them as Confidential Material regardless whether the producing Party designated them as such. The designating Party shall notify all other Parties of such designation in writing within a reasonable time following the designating Party's receipt of such documents or information. The Parties agree to treat any such designated documents or information as Confidential Material and subject to this Agreement. However, if the producing Party did not designate such documents or information as Confidential Material, any disclosure of such documents or information by any Party prior to receiving written notice from the designating Party that they should be treated as Confidential Material shall not constitute a violation of this Agreement.

d.  **Deposition Testimony:** The Parties may designate Confidential Material sought and disclosed during any deposition in the captioned action in either of the following ways. First, at the time of the deposition, or in any notice thereof, counsel for any Party may designate any information provided by a witness as Confidential Material.  All such designations shall be noted on the record and reflected in the transcript of the deposition. Second, within seven (7) business days of receiving a transcript of any deposition, any Party may designate any portion of the transcript as Confidential Material.  Receipt of a rough draft of a transcript does not commence the time period in this Paragraph. All such designations shall be made in writing to all Parties and shall designate the specific page and line number(s) the Party is designating as Confidential Material. Through the seven business day period, the transcript shall be treated as Confidential Material.

Counsel may exclude from the room during a deposition that counsel in good faith believes will involve Confidential Material, or when such information is to be

discussed, any person (other than the witness who is then testifying) who is not entitled under this Agreement to receive such Confidential Material. Counsel shall advise any witness that Confidential Material is subject to this Agreement.

e. **No Agreement Regarding Confidentiality:** By entering into this Agreement, the Parties do not concede that any documents or information produced or provided pursuant to this Agreement are Confidential Material. The Parties specifically reserve the right to disagree with and contest any designation of documents or information as Confidential Material. In the event there is a dispute over whether a particular document, a particular set of documents, or specific information is Confidential Material, the Parties shall attempt in good faith to resolve such dispute. If a dispute arises among the Parties as to whether a particular document, a particular set of documents, or specific information has been properly designated as Confidential Material, the burden of establishing the confidentiality of the disputed material pursuant to the definition of Confidential Material in Paragraph 2 of this Agreement remains with the Party that designated the material as confidential in the first instance. Any motion challenging a confidentiality designation will be made in strict compliance with Central District Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). All Parties shall maintain any disputed documents or information as Confidential Material unless and until a ruling is issued by the Court establishing that the subject documents or information are not Confidential Material.

4. ***Non-disclosure of Confidential Material and Exception for "Similar Suits."***

a. **Non-disclosure.** Except as otherwise provided in this Agreement, all Confidential Material provided pursuant to this Agreement is provided solely and exclusively for purposes of the prosecution and defense of the captioned action. All such Confidential Material shall be treated as strictly confidential and shall not be disclosed, discussed with, or in any way divulged to any person, or used for any other purpose, except as permitted under this Agreement. A Party may disclose its own Confidential Material to any person or entity it deems appropriate in its sole discretion with or without

- 7 -

conditions to the disclosure and without waiving any claim of protection under this Agreement.

b. **Exception for "Similar Suits."** Notwithstanding the provisions of Paragraph 4.a., and subject to the following, the FDIC, acting as receiver of a failed institution and Travelers may use Confidential Material produced in this matter by the FDIC-R or Travelers in other litigation involving a failed financial institution between the FDIC (acting as receiver of the failed institution) and Travelers ("Similar Suits"). Travelers and the FDIC, acting as receiver of the failed institution, may use such Confidential Material in a Similar Suit only if a confidentiality agreement and protective order has been entered by the court in that Similar Suit. Moreover, all such Confidential Material used by Travelers or the FDIC, acting as receiver of the failed institution, in a Similar Suit shall be governed by the terms of the confidentiality agreement and protective order in the Similar Suit and shall also continue to be governed by the terms of this Agreement.

5.   ***Exceptions to Non-disclosure: D&O Defendants and Travelers.*** Except as provided in Paragraphs 2 and 4.b above and subject to Paragraph 7 below, the D&O Defendants and Travelers may disclose Confidential Material received pursuant to this Agreement to the following persons or entities:

a.   The D&O Defendants and their counsel who signed this Agreement (including, but not limited to, their attorneys, investigators, paralegals, and other employees);

b.   Travelers' outside counsel who signed this Agreement and Travelers personnel (including, but not limited to, its Board of Directors, in-house attorneys, investigators, employees, experts, consultants, and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the captioned action, or the lawsuit captioned *Federal Deposit Insurance Corp. v. Michael S. Hahn et al.*, No. SACV 12-01938-AG (MLGx) (C.D. Cal.) (collectively "Matters");

c.   outside counsel (together with any employees of counsel), who have not otherwise signed this Agreement, engaged by the D&O Defendants or Travelers to assist or participate in the Matters;

- 8 -

     d.   vendors, experts, consultants, mediators, and arbitrators engaged by the D&O Defendants, Travelers, or their respective counsel to assist or participate in the Matters;

     e.   former Board Members, officers, and employees of the Bank, as well as any witnesses and potential witnesses in the captioned action whom a Party or his, her, or its counsel has a good faith belief possess information that is relevant to the Matters;

     f.   court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings;

     g.   the Court presiding over the captioned action, including, without limitation, the District Judge, Magistrate Judge, court personnel, and jurors;

     h.   reinsurers, auditors, or other entities to which Travelers may be required to respond or report in the ordinary course of business regarding the subject matter of the Matters, but only so long as such persons or entities are already subject to a substantially similar confidentiality obligation; and

     i.   regulators to which Travelers may be required to respond or report in the ordinary course of business regarding the subject matter of the Matters.

     6.   ***Exceptions to Non-disclosure: FDIC-R.***  Except as provided in Paragraph 4.b above and subject to Paragraph 7 below, the FDIC-R may disclose Confidential Material received pursuant to this Agreement to the following persons or entities:

     a.   FDIC personnel (including, but not limited to, its Chairman, Board of Directors, attorneys, investigators, and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Matters;

     b.   outside counsel (together with any employees of counsel) engaged by the FDIC-R to assist or participate in the Matters;

     c.   former Board Members, officers, and employees of the Bank, as well as any witnesses and potential witnesses in the captioned action whom a Party or his, her, or its counsel has a good faith belief possess information that is relevant to the Matters;

     d.   vendors, experts, consultants, mediators, and arbitrators engaged by the FDIC-R or its counsel to assist or participate in the Matters;

e.    court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings;

f.    the Court presiding over the captioned action, including, without limitation, the District Judge, Magistrate Judge, court personnel, and jurors;

g.    auditors or examiners required or authorized by law to review materials that may include Confidential Material;

h.    subject to the provisions of Paragraph 8 below, persons to whom the information is required to be made available under FOIA or the FDIC's FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for such information; and

i.    individuals and entities permitted access to exempt information under 12 C.F.R. § 309.6.

7.     ***Confidentiality Agreement Certificate.*** Confidential Material may be disclosed to persons or entities identified in subparagraphs 5.d.-5.e., and 6.c.-6.d. only after such persons or entities, personally or through an authorized representative, are apprised of the confidential nature of the materials, receive a copy of this Confidentiality Agreement, agree to be bound by this Agreement and sign a written Agreement to Maintain Confidentiality in the form attached hereto as Attachment A. Each Party shall keep its Agreements to Maintain Confidentiality containing original or electronic signatures until such time as each person or entity receiving Confidential Material pursuant to an Agreement to Maintain Confidentiality has returned or destroyed all such Confidential Material.

However, delivery of Confidential Material to reputable persons or companies providing copying, messenger, or similar services that do not normally involve the substantive review of information contained in documents for the purpose of obtaining such services shall not be considered disclosure of Confidential Material nor require such persons or companies to execute the undertaking described in Attachment A.

8.     ***Demands by Others for Confidential Material.*** If any person or entity demands by subpoena, judicial process, regulatory or governmental inquiry, or by operation of law production by a Party of any Confidential Material produced to it by another Party or designated as Confidential Material by another Party, the Party receiving such demand shall promptly notify the producing Party

and/or the designating Party of such demand.  At its option, the producing Party or designating Party may elect to challenge the demand and assert any applicable protections. The burden and expense of such challenge shall be borne solely by the Party or Parties making it.  The producing Party and/or designating Party shall notify the recipient Party and issuing court or tribunal of its challenge within such time as required by law, the subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party or Parties making the challenge.  When such challenge is made, to permit the Party to make the challenge, the Party who received the demand shall defer production of any Confidential Material as long as possible without violation of the subpoena, judicial process, or regulatory or governmental inquiry.  Nothing in this provision or Agreement shall be construed as authorizing any Party to disobey a lawful subpoena issued in another action.  Nothing in this provision or Agreement shall be interpreted as requiring any Party to violate any applicable law.

If the FDIC receives a FOIA request to which Confidential Material is responsive and the FDIC determines that the responsive materials: (1) are agency records under FOIA, and (2) that FOIA may require disclosure of all or part of the responsive records, the FDIC shall notify the Party producing the Confidential Material and any Party designating such material as Confidential Material, in writing, of the FDIC's determination. Within five (5) business days of receipt of the FDIC's written notification, the producing Party or designating Party may request, in writing, that all or part of the records not be disclosed.  The written request shall state the reasons why the producing Party or designating Party believes that the records should not be disclosed. If the FDIC rejects the request of the producing Party or designating Party, the FDIC shall notify the producing Party and designating Party in writing that it intends to disclose the records.  The producing Party and designating Party shall have five (5) business days from receipt of the FDIC's written notice to petition this Court to enter an order prohibiting the disclosure of the records, and the FDIC shall not disclose the records pending disposition of such a petition. Nothing in this Paragraph shall affect the FDIC-R's or Travelers' right to use Confidential Material in Similar Suits as described in Paragraph 4.b.

9.    ***No Additional Right to Confidential Material.***  Nothing in this Agreement confers upon the D&O Defendants, Travelers, the FDIC-R, or any other person or entity any right to receive

documents or information to which they are not entitled pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any other statute, law, rule, or regulation.

10. **_Return or Destruction of Documents._** Upon final resolution of the captioned action, through settlement or entry of a final, non-appealable judgment, the persons and entities identified in subparagraphs 5.a.-5.e. and 6.a.-6.d. may retain copies of any Confidential Material produced to them as reasonably necessary to comply with document retention policies and/or future requests for review by reinsurers, auditors, and regulators, or as necessary to exercise or enforce subrogation rights, if any, or as necessary to meet other business requirements or as necessary in Matters. When such retention is no longer needed, such persons and entities shall return the retained Confidential Material or maintain/destroy such Confidential Material in accordance with their standard document retention/destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. Any person or entity retaining Confidential Material shall maintain its confidentiality in accordance with this Agreement until such Confidential Material is returned or destroyed. This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Agreement. The Parties further agree that all documents generated by them that summarize or otherwise include Confidential Material are governed by this Agreement. To the extent any Party retains any Confidential Material pursuant to a separate written agreement, the terms of this Agreement will continue to govern.

11. **_Remedies._** To enforce rights under this Agreement, or in the event of an alleged violation of this Agreement, the Parties shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such efforts fail to promptly resolve the alleged violation, the Parties reserve the right to seek relief from the Court presiding over the captioned action in the form of, inter alia, money damages, injunctive relief, or any other relief as appropriate.

12. **_No Waiver of Privileges._**[1] By entering into this Agreement, the Parties do not waive

---

[1] This paragraph is designed to address waiver by entering into this Agreement or the production of documents. Nothing in this paragraph prejudices any parties' position regarding whether a privilege exists.

- 12 -

any privilege or protection; including any attorney-client privilege, work-product doctrine protection, or any other applicable privileges or protections they might have with respect to any documents or information. With respect to the FDIC-R and the D&O Defendants, these privileges may include, but are not limited to, any privileges that the Bank may have had. With respect to the FDIC-R, these privileges include, but are not limited to, any privileges that any federal or state agency may hold. The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of documents or information produced in connection with the captioned action or the protection of Confidential Material under the attorney-client privilege, work-product doctrine, or any other applicable privileges or protections.

Furthermore, in the event that a Party inadvertently produces documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privileges or protections, and if the Party subsequently notifies the receiving Party or Parties that the privileged documents or information should not have been produced, the Parties shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B). In addition, with regard to privileged and/or otherwise protected documents, Federal Rule of Evidence 502 is hereby expressly incorporated into this Agreement.

Nothing in this Agreement shall be deemed to constitute a waiver of any Party's right to contest a claim that any document or information is privileged or protected from disclosure. Nothing in this Agreement shall prevent the FDIC from using any Confidential Material that it produces to Travelers or the D&O Defendants in any of its capacities for any lawful purposes. Nothing in this Agreement shall prevent Travelers or the D&O Defendants from using any Confidential Material that they produce for any lawful purpose.

13. **_Filing Confidential Material._**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Material" the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly

1  file a redacted version of the motion and supporting papers.[2]

2          All trials and hearings are open to the public. Absent Order of the Court, there will be no

3  restrictions on the use of any documents or testimony that may be introduced or elicited by any Party

4  during any trial or hearing in the captioned action.  However, if a Party intends to present Confidential

5  Material at any hearing, such party shall provide advance notice to all Parties at least seven (7) days

6  prior to the hearing.  Notice procedures for use of the Confidential Material at trial shall be addressed

7  in conjunction with the pretrial conference.

8          14.     Nothing in this Agreement shall be construed as an order to produce any particular

9  documents by any Party, nor shall it constitute a waiver of any right of any Party to oppose any

10  discovery request or object on any grounds to the admission into evidence any information, documents,

11  or other materials subject to this Agreement. To the extent any Party feels the protections of this

12  Confidentiality Agreement are not adequate for particular Confidential Materials, that Party may

13  petition the Court for an appropriate amendment to this Confidentiality Agreement.

14          15.     ***Entire Agreement, Compatibility with Local Rules, Modification, Waiver.***   This

15  Agreement sets forth the entire Agreement among the Parties regarding the subject matter hereof and

16  any prior oral or written statements concerning same are merged herein for all purposes and shall be of

17  no force and effect.  A modification or waiver of any of the terms of this Agreement must be in writing

18  and signed by all Parties. No modification or waiver of any of the terms of this Agreement shall have

19  the force or effect of a Court order unless such modification is approved by the Court.  The captions

20  heading the paragraphs of this Agreement are inserted for convenience only and shall not affect the

21  meaning or interpretation of the provisions hereon.

22          16.     ***Requests for Additional Protection.*** This Confidentiality Agreement shall be without

23  prejudice to the right of the Parties to request additional protection under Fed. R. Civ. P. 26 for

24  discovery requests made by any Party.

25  _____
[2] The Parties are mindful of the Court's admonition that "neither the fact that counsel have stipulated
26  to an under seal filing nor the fact that a proposed filing contains information or documents that one of
the parties elected to designate as 'Confidential' in accordance with the terms of the Confidentiality
27  Agreement is sufficient in itself for the Court to find that good cause exists to file the papers or the
portion containing the designated information or documents under seal." Dkt. 37 at 2.

28

1        17.    ***Binding Effect, Assignment, Severability.***  This Agreement shall be binding upon and

2  inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties'

3  respective successors or assigns on the date the last Party executes this Agreement.  No Party may

4  assign any right or delegate any duty under this Agreement without the prior written consent of all

5  other Parties.  In the event that any provision of this Agreement is deemed unlawful or unenforceable,

6  such provision shall be stricken from the Agreement to the extent of such illegality or unenforceability,

7  and the Agreement shall remain in full force and effect.

8        18.    ***Notice.*** All notices required to be given under this Agreement shall be in writing and

9  delivered to the addresses set forth below. Notice shall be sent by overnight delivery or registered or

10  certified mail, return receipt requested, and shall be considered delivered upon receipt.

11      If to Travelers  :     Loss, Judge & Ward, LLP

12                      Two Lafayette Centre

13                      1133 21st St., NW, Suite 450

14                      Washington, DC 20036

15                      Attn: Thomas J. Judge

16

17      If to the FDIC-R:    Professional Liability Unit

18                      Federal Deposit Insurance Corporation – Legal Division

19                      1601 Bryan Street

20                      Dallas, TX 75201

21                      Attn: Bryce C. Quine

22

23                      Dickstein Shapiro LLP

24                      1825 Eye Street NW

25                      Washington, DC 20006

26                      Attn: Andrew M. Reidy

27

28      If to Michael Hahn or Richard Grinyer:

- 15 -

Greenberg Gross LLP

650 Town Center Drive

Suite 1750

Costa Mesa, CA 92626

Attn: Alan Greenberg

If to Colin Forker, Michael Cummings, Stanley Cruse, or David Adams:

Peter K Rosen

Latham and Watkins LLP

355 South Grand Avenue

Los Angeles, CA 90071-1560

19.    ***Governing Law.***   This Agreement shall be governed by federal law, and to the extent that state law would apply under applicable federal law, the laws of the State of California would govern.   The Parties consent to venue and personal jurisdiction in the United States District Court for the Central District of California should any dispute relating to this Agreement arise.

20.    ***Power of Execution of Agreement.***   Each of the signatories to this Agreement severally represents and warrants that he, she, or it, in the capacities recited herein, has the full power and authority to execute, deliver, and perform this Agreement.

21.    ***Execution, Facsimile Signatures, Counterparts.***   This Agreement may be executed as facsimile, scanned and emailed originals, or by electronic signature indicator, and each copy of this Agreement bearing the facsimile transmitted signature, scanned and emailed signature, or electronic signature indicator of a Party's authorized representative shall be deemed an original.   This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

- 16 -

Dated:  November 25, 2013

| | |
|---|---|
| _____ /s/ Thomas J. Judge _____ | _____ /s/ Joseph M. Saka _____ |
| Aaron C. Gundzik (Bar No. 132137) | Michael J. McGaughey (Bar No. 198617) |
| **GARTENBERG GEFAND HAYTON & SELDEN** | **DICKSTEIN SHAPIRO LLP** |
| 801 S. Figueroa Street | 2049 Century Park East, Suite 700 |
| Suite 2170 | Los Angeles, CA  90067-3109 |
| Los Angeles, CA 90017 | Telephone:      (310) 772-8349 |
| 213-542-2100 | Facsimile:      (310) 772-8301 |
| Fax: 213-542-2101 | Email: mcgaugheym@dicksteinshapiro.com |
| Email: agundzik@gghslaw.com | |
| | Andrew M. Reidy |
| Thomas J Judge | reidya@dicksteinshapiro.com |
| Richard W Boone, Jr. | Joseph M. Saka |
| Loss Judge and Ward LLP | sakaj@dicksteinshapiro.com |
| 1133 - 21st Street NW Suite 450 | **DICKSTEIN SHAPIRO LLP** |
| Washington, DC 20036 | 1825 "Eye" Street NW |
| 202-778-4060 | Washington, DC 20006 |
| Fax: 202-778-4099 | Telephone:      (202) 420-2200 |
| Email: tjudge@ljwllp.com | Facsimile:      (202) 279-9168 |
| Email: rboone@ljwllp.com | |
| | |
| **Attorneys for St. Paul Mercury Insurance Company** | **Attorneys for the Federal Deposit Insurance Corporation as Receiver for Pacific Coast National Bank** |

| | |
|---|---|
| _ /s/ Alan Greenberg _____ | _ /s/ Peter K. Rosen _____ |
| Alan Greenberg | Peter K. Rosen |
| Wayne R. Gross | **LATHAM AND WATKINS LLP** |
| **GREENBERG GROSS LLP** | 355 South Grand Avenue |
| 650 Town Center Drive | Los Angeles, CA 90071-1560 |
| Suite 1750 | 213-485-1234 |
| Costa Mesa, CA 92626 | Fax: 213-891-8763 |
| 949-383-2800 | Email: peter.rosen@lw.com |
| Fax: 949-383-2801 | |
| Email: agreenberg@ggtriallaw.com | **Attorney for Colin M. Forkner, Michael V.** |

- 17 -

| | |
|---|---|
| Email: wgross@ggtriallaw.com<br><br>**Attorneys for Michael S. Hahn and Richard W. Grinyer** | **Cummings, Stanley M. Cruse, and David L. Adams** |

I, Joseph M. Saka, attest that all other signatories listed above concur in this filing's content and have authorized the filing.

/s/  Joseph M. Saka

Dated: November 25, 2013

- 18 -

1

**ORDER**

2          IT IS SO ORDERED on this  27th   day of November, 2013, that the Parties and their respective

3   counsel shall be governed by the terms and conditions of the above Confidentiality Agreement with

4   respect to the above captioned action.

5

6                                            _____
                                             HONORABLE ROBERT N. BLOCK
7                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY AGREEMENT                                CASE NO. 8:13-cv-424-AG (RNBx)

**<u>ATTACHMENT A</u>**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I hereby acknowledge that I have been provided and have read a copy of that certain Confidentiality Agreement and Stipulated Protective Order (the "Agreement") in the action captioned *St. Paul Mercury Insurance Co. v. Hahn, et al.*, No. 8:13-cv-00424-AG (RNBx) (C.D. Cal.), a copy of which is annexed hereto. I understand that any Confidential Material within the meaning of the Agreement shown to me is confidential, shall be used by me only as provided in the Agreement, and shall not be disclosed by me unless expressly permitted under the Agreement. I agree to abide by the terms of the Agreement, including its provisions concerning the return or destruction of such Confidential Material. I acknowledge that I may be subject to claims for monetary damages and/or injunctive relief for unauthorized disclosure or use of Confidential Material or if I violate any obligation of this Agreement.

Signature: _____     Date:  _____

Name (Printed): _____

Company: _____

Address 1: _____     Phone (Home): _____

Address 2: _____     Phone (Work): _____

City: _____     Phone (Cell): _____

State/Zip Code: _____