## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **SACV 13-0424-AG (RNBx)**                                  Date: **December 18, 2013**

Title:  **St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Hays | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:
     None present                                                              None present

**PROCEEDINGS:  (IN CHAMBERS)**

### FDIC-R's Motion to Compel Discovery (D.E. #41)

Based on its perusal of the Joint Stipulation ("Jt Stip"), the parties are advised as follows for purposes of their Supplemental Memoranda (the filing deadline for which is hereby extended to December 27, 2013).

1.    The Court disagrees with FDIC-R's characterization of the issue here being "whether the requested information appears reasonably calculated to lead to the discovery of admissible evidence." (See Jt Stip at 3:15-16.)  Under Fed. R. Civ. P. 26(b)(1), as amended effective December 1, 2000, the scope of discoverable information no longer is any unprivileged matter that is relevant to the subject matter involved in the pending action and/or reasonably calculated to lead to the discovery of admissible evidence.  Rather, the scope of discoverable information may now be stated as follows: any unprivileged matter relevant to the claim or defense of any party, and/or **relevant information** reasonably calculated to lead to the discovery of admissible evidence.

2.    The Court also disagrees with FDIC-R that the burden to show the discovery sought is not relevant rests with Travelers. (See Jt Stip at 4:4-5.)  Rather, the Court subscribes to the view that, where as here a responding party has interposed a timely relevance objection to a discovery request, the burden of demonstrating relevance rests with the party seeking the discovery.  Cf. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:615 (2010 rev. ed.).

3.    As a general proposition, any production request seeking "all documents relating to" something is, in the Court's view, overbroad on its face.  Accordingly, unless FDIC-R narrows each such document production request, the Court will be inclined to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 13-0424-AG (RNBx)                                              December 18, 2013
    **St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**                                    Page 2

-----------------------------------------------------------------------------------------------------------------

sustain Travelers' overbreadth objection to the request.

     4.     To the extent that Travelers interposed a particular objection to a particular discovery request, but then did not address that objection in its portion of the Joint Stipulation, the Court deems such objection waived.

     5.     As to the production requests and interrogatories seeking discovery relating to the drafting history of the two provisions at issue (i.e., Request Nos. 32, 34, and 39, and Interrogatory Nos. 3 and 4), FDIC-R needs to do a better job articulating its theory of relevance and/or potential relevance of the drafting history sought, including how it is relevant and/or potentially relevant to the mutual intent of the parties. Merely citing coverage dispute cases in which insureds were permitted to conduct discovery of drafting history is not sufficient.

     6.     As to the production requests seeking discovery relating to Travelers interpretation of the two provisions at issue (i.e., Request Nos. 31 and 38), FDIC-R's proposed narrowing of the requests resolves in part Travelers overbreadth objection to the requests as originally framed. However, it does not resolve the point made in ¶ 2 above. Moreover, that issue aside, FDIC-R has done an inadequate job of demonstrating that the discovery sought by the narrowed requests is relevant to the claims or defenses of the parties.

     7.     As to the production requests and interrogatory seeking discovery relating to the claim file in the <u>Hahn</u> action and related communications (i.e., Request Nos. 3, 4, and 21, and Interrogatory No. 6), it appears from Travelers' portion of the Joint Stipulation that Travelers' principal objections are that the discovery requests seek information protected from disclosure by the attorney-client privilege and/or the work product doctrine. The Court would like to know whether Travelers already has provided a privilege log describing the responsive documents being withheld on the ground of the attorney-client privilege and/or the work product doctrine. If not, the parties should be sure to address in their Supplemental Memoranda why the Court should not deem the failure to provide a privilege log a waiver of those objections.

     6.     As to the production request seeking discovery relating to coverage for claims by the FDIC as receiver for closed banks (i.e., Request No. 25), the Court is inclined to concur with Travelers that the request as framed is overbroad (even apart from the point made in ¶ 2 above). Put another way, FDIC-R has done an inadequate job

MINUTES FORM 11                                                                      Initials of Deputy Clerk    klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 13-0424-AG (RNBx)                                              December 18, 2013
    **St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**                                      Page 3

---

of demonstrating that all the discovery sought by this request as framed is relevant to the claims or defenses of the parties.

    7.    As to the production requests seeking discovery relating to Travelers' contractual relationships and communications with brokers (i.e., Request Nos. 15 and 20), FDIC-R has done an inadequate job of demonstrating that any of the discovery sought by these requests is relevant to the claims or defenses of the parties.

    8.    As to the interrogatory seeking to discover who created Travelers marketing materials (i.e, Interrogatory No. 1), FDIC-R has done an inadequate job of demonstrating that the discovery sought by this interrogatory (which the Court concurs with Travelers constitutes "extrinsic evidence about extrinsic evidence") is relevant to the claims or defenses of the parties.

    9.    As to the production requests seeking discovery of Travelers claims guidelines and manuals (i.e., Request Nos. 10 and 11), the Court notes that Travelers has represented that "it does not have any claims manuals or other materials encompassed by FDIC-R's requests that address the pertinent policy provisions." In the face of that representation, FDIC-R has done an inadequate job of demonstrating that the discovery sought by these requests is relevant to the claims or defenses of the parties.

    10.    As to the production request seeking discovery related to communications with reinsurers about the <u>Hahn</u> action (i.e. Request No. 24), which FDIC-R already has agreed to narrow, the Court notes that Travelers neglected to address in its portion of the Joint Stipulation the November 1, 2013 District of Nevada case cited by FDIC-R, where the court found that communications with reinsurers were relevant for multiple reasons. (<u>See</u> Jt Stip at 64-65.)

    11.    As to the production request seeking to discover documents relating to Travelers' reserves (i.e., Request No. 22), since this is not really a bad faith action, the Court fails to see the relevance of the discovery sought. Put another way, FDIC-R has done an inadequate job of demonstrating that the discovery sought by this request is relevant to the claims or defenses of the parties.

    12.    As to the production requests seeking discovery relating to the structure of Travelers' departments and the identification of its employees (i.e., Request Nos. 45, 46, 49, and 50), FDIC-R has done an inadequate job of demonstrating that the discovery sought by those requests as originally framed is relevant to the claims or defenses of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 13-0424-AG (RNBx)                                        December 18, 2013
    **St. Paul Mercury Ins. Co. v. Michael S. Hahn, et al.**                                        **Page 4**

---

parties and it is unclear to the Court what compromise FDIC-R was proposing. (See Jt Stip at 79:12-15.)

    13.    As to the production request seeking discovery relating to Travelers' document retention policy (i.e., Request No. 54), the Court is inclined to concur with Travelers that the request as framed is overbroad. (See ¶ 2 above.)

    14.    As to the production request ostensibly seeking discovery related to Travelers' representations to the Eighth Circuit (i.e., Request No. 43), for the reasons stated by Travelers (see Jt Stip at 87-88), the Court is inclined to find that this is an improper discovery request.