1  LATHAM & WATKINS LLP
   Peter K. Rosen (Bar No. 082725)
2    *peter.rosen@lw.com*
   S. Drew Levin (Bar No. 268163)
3    *drew.levin@lw.com*
   355 South Grand Avenue
4  Los Angeles, California  90071-2007
   Telephone:  (213) 485-1234
5  Facsimile:  (213) 891-8763

6  Attorneys for Defendants Colin M. Forkner,
   Michael V. Cummings, Stanley M. Cruse,
7  and David L. Adams

8

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

12

13  ST. PAUL MERCURY INSURANCE          Case No. 8:13-cv-00424-AG-RNB
14  COMPANY,

15              Plaintiff,              **DEFENDANTS FORKNER,**
                                        **CUMMINGS, CRUSE and ADAMS'**
16      vs.                             **NOTICE OF MOTION AND MOTION**
                                        **TO STAY PROCEEDINGS AND**
17  MICHAEL S. HAHN, COLIN M.           **MEMORANDUM OF POINTS AND**
    FORKNER, MICHAEL V.                 **AUTHORITIES IN SUPPORT**
18  CUMMINGS, RICHARD S.                **THEREOF**
    GRINYER, STANLEY M. CRUSE,
19  DAVID L. ADAMS, and the             Date: February 10, 2014
    FEDERAL DEPOSIT INSURANCE           Time: 10:00 a.m.
20  CORPORATION as receiver for         Courtroom: 10D
    PACIFIC COAST NATIONAL              The Honorable Andrew J. Guilford,
21  BANK,                               United States District Court Judge

22              Defendants.
                                        [[Proposed] Order filed Concurrently
23                                      Herewith]

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on February 10, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, defendants Colin M. Forkner, Michael V. Cummings, Stanley M. Cruse, and David L. Adams (the "Insured Former Directors and Officers" or "Defendants") will and hereby do move the Court for an order staying the proceedings in this declaratory judgment action filed by St. Paul Mercury Insurance Company ("Travelers"), until such time as factual issues in the underlying negligence and fiduciary duty action are resolved.

As set forth more fully in the accompanying Memorandum of Points and Authorities, this Motion to Stay is made upon multiple grounds.  First, further prosecution of Travelers' declaratory judgment action could produce determinations that are inconsistent with determinations in the underlying action and prejudicial to the Insured Former Directors and Officers.  Second, and relatedly, there is factual overlap between the declaratory judgment action and the underlying action, and findings regarding these factual issues should be adjudicated in the underlying action.  Third, continued litigation of the declaratory judgment action would force the Insured Former Directors and Officers to expend substantial, additional resources to defend themselves against two actions simultaneously.   And finally, because there is the potential for coverage under the Policy, which Travelers has conceded, the declaratory judgment action is premature.

///

///

///

///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

2

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

1    This Motion is based upon this Notice of Motion; the accompanying

2   Memorandum of Points and Authorities; the arguments of counsel; all of the

3   pleadings and other papers on file in this action; and such other and further matters

4   as may be presented at the hearing on this Motion or prior to this Court's decision.

5   Date: January 3, 2014                          Respectfully submitted,

6

7                                                  LATHAM & WATKINS LLP

8                                                      Peter K. Rosen
                                                       S. Drew Levin
9

10                                                 By: /s/ Peter K. Rosen

11                                                     Peter K. Rosen
                                                       Attorneys for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

3

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     RELEVANT FACTS ...................................................................................... 2

    A.   The Underlying Complaint ................................................................. 2

    B.   The Policy ........................................................................................... 2

    C.   The Declaratory Judgment Complaint ............................................... 3

III.    THE COURT SHOULD STAY THE INSURER'S DECLARATORY
    JUDGMENT ACTION ................................................................................. 4

    A.   Legal Standard .................................................................................... 4

    B.   There Are Overlapping Factual Issues Which Could Lead to
        Inconsistent Findings or Collateral Estoppel ..................................... 6

        1.   Allegations Contained in the Underlying Complaint ............. 7

        2.   Allegations Contained in the Declaratory Judgment
            Complaint ............................................................................... 8

        3.   There is Factual Overlap Between the Complaints That
            Could Lead to Inconsistent Findings ..................................... 8

        4.   A Determination in the Declaratory Judgment Action Will
            Present a Risk of Collateral Estoppel in the Underlying
            Action .................................................................................. 11

    C.   Because There Is a Potential for Coverage, the Declaratory
        Judgment Action Should Be Stayed ................................................. 13

    D.   The Insured Former Directors and Officers Will Be Prejudiced If
        Forced to Fight a "Two-Front War" ............................................... 14

        1.   Prejudice to the Insured Former Directors and Officers
            from Fighting a Two-Front War .......................................... 15

        2.   Prejudice to Travelers Resulting from Staying the
            Declaratory Judgment Action .............................................. 17

        3.   Prejudice to the Judicial System and the Interest of Judicial
            Economy ............................................................................... 18

        4.   The Balance of Prejudices ................................................... 19

IV.     CONCLUSION ........................................................................................... 19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

i

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

# TABLE OF AUTHORITIES

## CASES

*Bischoff v. DirecTV, Inc.,*
   180 F.Supp.2d 1097 (C.D. Cal. 2002) ............................................................. 6, 10

*Cayuga Indian Nation of N.Y. v. Pataki,*
   188 F.Supp.2d 223 (N.D.N.Y. 2002) ...................................................................... 6

*Cont'l Cas. Co. v. Global Allies, LLC,*
   No. 2:11-cv-03237-MCE-KJN, 2012 U.S. Dist. LEXIS 153023 (E.D. Cal.
   Oct. 23, 2012) .............................................................................................................. 16

*Contracting Northwest, Inc. v. City of Fredericksburg, Iowa,*
   713 F.2d 382 (8th Cir. 1983) ..................................................................................... 6

*David Kleis, Inc. v. Super. Ct.,*
   37 Cal.App.4th 1035 (1995) ............................................................................. 6, 9, 10

*Evanston v. Barkandbrew,*
   No. 09 CV 2295 JLS, 2010 WL 2573209 (S.D.Cal. June 22, 2010) ................. 17

*GGIS Ins. Services, Inc. v. Superior Court,*
   168 Cal.App.4th 1493 (2009) ..................................................................................... 11

*Gray v. Zurich Ins. Co.,*
   65 Cal.2d 263 (1966) ................................................................................................... 13

*Great American Ins. Co. v. Superior Court,*
   178 Cal. App. 4th 221 (2009) ......................................................................... 5, 6, 15

*Hamilton v. State Farm Fire & Cas. Co.,*
   270 F.3d 778 (9th Cir. 2001) ............................................................................. 6, 10

*Horace Mann Ins. Co. v. Barbara B.,*
   4 Cal.4th 1076 (1993) ................................................................................................. 13

*Leyva v. Certified Grocers of California, Ltd.,*
   593 F.2d 857 (9th Cir. 1979) ........................................................................... 15, 18

*Meras Eng., Inc. v. CH2O, Inc.,* No. C-11-0389 EMC, 2013 U.S. Dist. LEXIS
   5426 (N.D. Cal. Jan. 14, 2013) ................................................................................ 18

*Montrose Chem. Corp. v. Super. Ct.,*
   25 Cal.App.4th 902 (1994) ............................................................. 5, 11, 12, 13

*Montrose Chem. Corp. v. Super. Ct.,*
   6 Cal.4th 287 (1993) ......................................................................... 4, 6, 9, 13

*Navigators Specialty Ins. v. CHSI,*
   No. 12-1611-GPC-JMA, 2013 U.S. Dist. LEXIS 14901 (S.D. Cal. Feb. 4,
   2013) ............................................................................................................................... 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

ii

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

*Progressive Casualty v. Dalton,*
 No. 12-00713 MCE-CKD, 2012 U.S. Dist. LEXIS 173423 (E.D. Cal. Dec. 6,
 2012) ....................................................................................................... 5, 18

*Sierra Pacific Industries v. Am. States Ins. Co.,*
 No. 2:11-cv-00346-MCE-JFM, 2012 U.S. Dist. LEXIS 87012 (June 21, 2012) ................ 15

*State Farm Fire & Casualty Co. v. McIntosh,*
 837 F. Supp. 315 (N.D. Cal. 1993) ............................................................. 16, 18

*United Enter., Inc. v. Super. Ct.,*
 183 Cal.App.4th 1004 (2010) ....................................................................... 5, 12

*Zurich Ins. Co. v. Alvarez,*
 669 F. Supp. 307 (C.D. Cal. 1987) ......................................................... 16, 17, 19

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE FORMER DIRECTORS AND OFFICERS' MOTION TO STAY THE PROCEEDINGS

### I.      INTRODUCTION

The Insured Former Directors and Officers purchased insurance coverage from Travelers to protect them against claims arising from or related to their service to Pacific Coast National Bank ("PCNB" or the "Bank").  Now that the Insured Former Directors and Officers are facing precisely the sort of claims that their insurance policy was marketed and sold to protect against, Travelers attempts to deny the Insured Former Directors and Officers' rights to insurance coverage. Worse, Travelers attempts to do so at the very same time that the Insured Former Directors and Officers must fight the underlying allegations, thus forcing the Insured Former Directors and Officers to simultaneously wage battle on two fronts – distracting and prejudicing them in both.

Travelers' attempt to avoid its obligation to defend and indemnify the Insured Former Directors and Officers should be stayed on the following grounds, each of which is independently sufficient to support a stay: (1) allowing the declaratory action to proceed could result in inconsistent determinations that are prejudicial to the Insured Former Directors and Officers; (2) there is factual overlap between the underlying action and the declaratory judgment action, and findings regarding these issues should be adjudicated in the underlying action; (3) the Insured Former Directors and Officers are prejudiced by the fact that Travelers is making them fight a "two-front war"; and (4) Travelers' failure to show the absence of coverage under the policy makes the declaratory judgment action premature.

Travelers should not be permitted to burden the resources of its insureds in an attempt to skirt its own duties under the policies that it marketed and sold.  As

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

1

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

1   such, this declaratory judgment action should be stayed pending resolution of the

2   underlying claims.

3   **II.    RELEVANT FACTS**

4         The individual named defendants were former directors and officers of

5   Pacific Coast National Bank.  Complaint, No. 12-01938, Dkt. 2, Nov. 6, 2012

6   ("Underlying Compl."), at ¶ 1.  On November 13, 2009, the Bank was closed and

7   the FDIC was appointed as Receiver ("FDIC-R").  *Id*. at ¶ 5.

8         **A.    The Underlying Complaint**

9         The FDIC-R filed a complaint against the Insured Former Directors and

10  Officers alleging negligence and breaches of fiduciary duties resulting in damages

11  to the Bank (the "Underlying Complaint").  Underlying Compl. at ¶¶ 1-3.

12  Specifically, the FDIC-R claimed that the Insured Former Directors and Officers

13  failed to properly operate and manage the Bank and approved loans that did not

14  comply with the Bank's Loan Policy and/or general underwriting standards.  *Id*. at

15  ¶ 3.  In support of this contention, the FDIC-R provided details on the underwriting

16  and approval of eleven (11) loans that assertedly illustrated the types of actions of

17  the Insured Former Directors and Officers that the FDIC-R claimed were negligent

18  and breaches of fiduciary duties.  *Id*. at ¶ 36; *see also id*. at ¶¶ 37-94.  The FDIC-R

19  included in this discussion the amount of loss that the Bank allegedly recognized

20  on each loan.  *Id*. at ¶¶ 43, 47, 51, 56, 62, 67, 73, 79, 84, 89, 94.  The FDIC-R

21  sought "compensatory and other damages" sustained by the Bank as a result of the

22  Insured Former Directors and Officers' alleged actions.  *Id*. at page 43.

23        **B.    The Policy**

24        Travelers sold Directors and Officers' liability insurance to the Bank –

25  namely the Directors and Officers Individual Coverage ("D&O Coverage")

26  included within the Management Liability Insuring Agreement section of

27  SelectOne for Community Banks Policy No. EC06100102 (the "Policy").

28  Complaint for Declaratory Judgment, No. 13-00424, Dkt. 1, Mar. 12, 2013 ("Dec.

Judg. Compl."), at  ¶¶ 13-15 (a copy of the Policy is attached to the Dec. Judg. Compl. at Exhibit A).  The D&O Coverage states that:

> The Insurer shall pay on behalf of the Insured Persons Loss for which the Insured Persons are not indemnified by the Company and which the Insured Persons become legally obligated to pay on account of any Claim first made against them, individually or otherwise, during the Policy Period . . . or, if exercised, the Additional Extended Discovery Period, for a Management Practices Act taking place before or during the Policy Period.

Dec. Judg. Compl. at ¶ 15.  Under the Policy, "Insured Persons" includes the Insured Former Directors and Officers, "Company" refers to the Bank, "Claim" includes the underlying action, the "Policy Period" includes the relevant time period at issue, and a "Management Practices Act" covers the allegations made by the FDIC-R in the Underlying Complaint.  Dec. Judg. Compl. at ¶¶ 14, 16, 18-20, 31.

The Policy contains an Insured versus Insured Exclusion ("IvI Exclusion"), under which certain claims by or on behalf of certain insured parties are excluded from the Policy's coverage, and excludes from the definition of "Loss" an "unrepaid, unrecoverable or outstanding loan, lease or extension of credit" ("Unrepaid Loan Carve-Out").  Dec. Judg. Compl. at ¶¶ 27, 29.

## C.  The Declaratory Judgment Complaint

Travelers filed a complaint against the Insured Former Directors and Officers (as well as seeking a declaratory judgment that the Policy does not cover the allegations contained in the FDIC-R's Underlying Complaint ("Declaratory Judgment Complaint").  Dec. Judg. Compl. at ¶ 1.  Travelers argued that the damages sought by the FDIC-R in the Underlying Complaint included losses related to unrepaid, unrecoverable or outstanding loans and thus fell within the Unrepaid Loan Carve-Out.  *Id*. at ¶¶ 37-45.  In addition, Travelers claimed that the Underlying Complaint was brought by or on behalf of the Bank and fell within the IvI Exclusion.  *Id*. at ¶¶ 47-51.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10                                    3

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

On Thanksgiving eve, Travelers moved for summary judgment on its Declaratory Judgment Complaint, reiterating its arguments that the allegations in the Underlying Complaint were excluded by the Unrepaid Loan Carve-Out and the IvI Exclusion and, as such, were outside the coverage provided to the Insured Former Directors and Officers by the Policy.[1]  Motion for Summary Judgment, No. 13-00424, Dkt. 39, Nov. 27, 2013 ("MSJ").

## III.   THE COURT SHOULD STAY THE INSURER'S DECLARATORY JUDGMENT ACTION

### A.   Legal Standard

The California Supreme Court has held that, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287 (1993) ("*Montrose I*").  The California Court of Appeal expounded on this holding, outlining three specific types of prejudice to the insured which should (or must) result in a stay of an insurer's declaratory judgment action:

(1) prejudice as a result of the insurer "join[ing] forces with the plaintiffs in the underlying actions as a means to defeat coverage";

(2) prejudice that occurs "when the insured is compelled to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and human resources to litigating coverage issues with its carriers"; and

---

[1] The risks of factual overlap, inconsistent and prejudicial determinations (between the declaratory judgment action and the underlying action), and harm to the Insured Former Directors and Officers in fighting a "two-front war" only fully manifested upon Travelers' filing of its Motion for Summary Judgment in the declaratory judgment action.  Accordingly, the Insured Former Directors and Officers file this Motion to Stay now (January 3, 2014) as an appropriate response to these risks, rather than earlier, as an initial response to the Declaratory Judgment Complaint.

(3) prejudice that results "[i]f the declaratory action is tried before the underlying litigation is concluded," namely that "the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage."

*Montrose Chem. Corp. v. Super. Ct.*, 25 Cal.App.4th 902, 910 (1994) ("*Montrose II*").

"Federal courts in California have followed the *Montrose* rule." *Progressive Casualty v. Dalton*, No. 12-00713 MCE-CKD, 2012 U.S. Dist. LEXIS 173423, *30 (E.D. Cal. Dec. 6, 2012) (referring to *Montrose I* but also citing to *Montrose II*). State and federal courts in California have applied the *Montrose* rule broadly, holding that "it is <u>only</u> where there is <u>no</u> potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." *Progressive Casualty*, 2012 U.S. Dist. LEXIS 173423, at *31-32 (citing *Montrose II*) (internal quotations omitted) (emphasis added).

Likewise, "[i]f the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation, the trial court *must* stay the declaratory relief action." *Great American Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 235 (2009) (emphasis original); *see also United Enter., Inc. v. Super. Ct.,* 183 Cal.App.4th 1004, 1012 (2010) ("A stay is *required* in the first and third type of prejudice involving factual overlap.") (emphasis original). "In other cases, the question whether to grant a stay or fashion some other remedy is left to the discretion of the trial court." *United Enter.*, 183 Cal.App.4th at 1012.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

5

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

**B.      There Are Overlapping Factual Issues Which Could Lead to Inconsistent Findings or Collateral Estoppel**

A declaratory judgment matter must be stayed where, as here, there are overlapping factual issues between the Declaratory Judgment Complaint and the complaint in the underlying litigation which could lead to inconsistent factual determinations.  *Montrose I*, 6 Cal.4th at 301 ("To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigation in the underlying action."); *see also Great American Ins. Co.*, 178 Cal. App. 4th at 235 (mandating a stay where "the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation"); *David Kleis, Inc. v. Super. Ct.*, 37 Cal.App.4th 1035, 1044 (1995) (finding a stay appropriate when "the coverage question turns on facts to be litigated in the underlying third party action").  Inconsistent findings can lead to prejudice to the insured as well as detriment to our courts' efficient administration of justice.  *See Bischoff v. DirecTV, Inc.*, 180 F.Supp.2d 1097, 1114 (C.D. Cal. 2002) (finding that "a failure to stay [an arbitration] may lead to inconsistent findings which will hinder the pursuit of judicial efficiency") (citing *Contracting Northwest, Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 386 (8th Cir. 1983) (upholding the stay of an arbitration and noting that "considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action")); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001) (implying that a "risk of inconsistent court determinations" poses a "threat to judicial integrity"); *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F.Supp.2d 223, 233 (N.D.N.Y. 2002) (noting that "avoiding the risk of inconsistent results in two proceedings" serves to "protect judicial integrity").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

6

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

Because there is such a risk of inconsistent determinations in the instant matter, the motion to stay should be granted.

### 1.    *Allegations Contained in the Underlying Complaint*

In the Underlying Complaint, the FDIC-R alleges that the Insured Former Directors and Officers were negligent and breached their fiduciary duties by (1) their "failure to properly operate and manage the Bank's lending function" and (2) "allowing loans to fund in violation of the Bank's policies and safe and sound banking practices."  Underlying Compl. at ¶ 3.

The above  allegations are broad and include, *inter alia*, claims that the Insured Former Directors and Officers pursued an aggressive lending strategy (*id*. at ¶¶ 103(a)(i), (b)(i), (c)(i)); failed to monitor and supervise subordinate officers and employees (*id*. at ¶¶ 103(a)(iii), (b)(iii), (c)(iii), (d)(iii), (e)(iii)); and failed to supervise and manage the Bank's loan operations (*id*. at ¶¶103(a)(x), (b)(x), (c)(x)).

These allegations are focused on the conduct of the Insured Former Directors and Officers in approving and funding loans allegedly in violation of the Bank's internal Loan Policy and/or prudent underwriting standards.  *Id*. at ¶ 35. This category of claims includes, *inter alia*, that the Insured Former Directors and Officers recommended or approved high risk loans (*id*. at ¶¶ 103(a)(iv), (b)(iv), (c)(iv)); recommended or approved loans that had not been properly underwritten (*id*. at ¶¶ 103(a)(v), (b)(v), (c)(v), (d)(ix), (e)(vii), (f)(i)); and failed to ensure that high risk loans complied with internal and external lending guidelines (*id*. at ¶¶ 103(a)(ii), (b)(ii), (c)(ii), (d)(ii), (e)(ii), (f)(ii)).  The FDIC-R describes eleven (11) specific loans that assertedly "illustrate the very types of failures, breaches, and violations of duty referenced above committed by each of the Defendants."  *Id*. at ¶ 36.

The FDIC-R, in the Underlying Complaint, seeks "compensatory damages and other damages, jointly and severally, against Defendants for their negligence,

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

7

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

gross negligence, and/or breaches of fiduciary duty that resulted in damages." *Id.* at page 43.

### 2. *Allegations Contained in the Declaratory Judgment Complaint*

In the Declaratory Judgment Complaint, Travelers discusses the eleven (11) specific loans described by the FDIC-R in the Underlying Complaint to argue that claims related to these loans  (and conduct in underwriting and making these loans) are excluded from coverage by the Unrepaid Loan Carve-Out.  Dec. Judg. Compl. at ¶¶ 1, 33-35, 44-45.  Travelers lists the alleged loss associated with each of the eleven (11) loans (*id.* at ¶ 33), defines these losses as "the unrepaid portion of the identified loans" (*id.* at ¶ 34), and then claims that "[t]he Unrepaid Loan Carve-out precludes coverage for the FDIC's claimed damages in the [Underlying] Action that consist of unrepaid, unrecoverable or outstanding loans to PCNB Borrowers" (*id.* at ¶¶ 45).  Travelers does not reference the broader set of allegations (related to the general operation and management of the Bank) or the FDIC-R's request for damages, which goes beyond simply compensatory damages in the amount of loan losses.

### 3. *There is Factual Overlap Between the Complaints That Could Lead to Inconsistent Findings*

There is clear factual overlap between the allegations asserted by the FDIC-R in the Underlying Complaint and the issues raised by Travelers in the Declaratory Judgment Complaint.  Indeed, both complaints discuss the eleven (11) loans made by the Bank (and conduct in evaluating and approving the loans) that the FDIC-R alleges violated the Bank's loan policy and safe and sound underwriting practices.

As a result of this factual overlap, the respective Courts ruling (or juries deciding) on the Underlying Complaint and the Declaratory Judgment Complaint could make inconsistent findings, the exact danger the Court in *Montrose* ruled to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

8

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

avoid.  *See Montrose I*, 6 Cal.4th at 302.  The potential for inconsistent findings in this type of a situation is best exemplified by the holding in *David Kleis, Inc. v. Superior Court*, 37 Cal.App.4th 1035 (1995).  In *David Kleis, Inc.*, former employees of a convalescent hospital sued their employer and their supervisor claiming that the supervisor sexually harassed them.  37 Cal.App.4th at 1038.  The employer's insurers sought declaratory relief, arguing that the allegations fell under various exclusions contained in their policies.  The court granted the insured's motion to stay the declaratory judgment action, finding that the exclusions did not sufficiently cover the allegations such that the coverage issue could be decided in advance of the substantive issues.  *Id*. at 1048-1051.  In discussing the exclusion for damages attributable to "harassment," which the court referred to as "sexual misconduct," the court noted that: "We have no doubt that much of the activity alleged in the underlying action here discloses activity which can clearly be classified as sexual misconduct.  However, there are other actions alleged which may fall outside that claim."  *Id*. at 1050.  The court even went beyond the specific allegations in the underlying complaint, finding that: "The fact that the victim construed the activity as sexual misconduct, and filed a claim on that basis, does not preclude a jury from finding that no sexual harassment took place but that a false imprisonment or detention [which would be covered by the policy] did occur."  *Id*.  Because of this "potential conflict between the trial of the coverage dispute and the underlying action," the court held that there was not enough information "to conclude that the issues to be tried in the declaratory relief action did not infringe upon the issues to be tried in the underlying action."  *See id*. at 1045, 1051.

This same possible conflict exists in the instant matter.  Like in *David Kleis, Inc.*, the Underlying Complaint is broader than just the eleven (11) loans (and conduct related to these loans).  As demonstrated above, the Underlying Complaint contains two sets of allegations – broad allegations related to the management of

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

9

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

the Bank and more focused allegations related to eleven (11) specific loans, and the Insured Former Directors and Officers' conduct in underwriting and approving them.  The Declaratory Judgment Complaint, on the other hand, only discusses the second type of allegation: claims related to the eleven (11) specific loans. Accordingly, while the Declaratory Judgment Complaint makes assertions with respect to *some* of the allegations in the Underlying Complaint, it does not cover <u>all</u> of the allegations.  Travelers is essentially claiming that "much of the activity alleged in the underlying action here discloses activity which can clearly be classified as" within the Unrepaid Loan Carve-Out, namely, that the allegations related to the specific loans are excluded from coverage.  See *David Kleis, Inc.*, 37 Cal.App.4th at 1050.  However, "there are other actions alleged which may fall outside that" exclusion, such as the broad allegations related to the management of the Bank.  *See id*.

The potential for inconsistent findings is made clear by the following example: To grant Travelers' request for declaratory judgment based upon the Unrepaid Loan Carve-Out, the Court would have to find (among other things) that all of the FDIC-R's allegations relate to the eleven (11) specific loans and that the alleged damages consist solely of the charge-off amounts of these loans.  The Court (or jury) in the underlying action, however, could—at the same time—find that the Insured Former Directors and Officers are <u>not</u> liable for conduct related to the eleven (11) loans but <u>are</u> liable as a result of their alleged general management of the Bank.  These findings would be inconsistent.  Courts in analogous situations have avoided such inconsistent findings that could "hinder the pursuit of judicial efficiency" and "pose a threat to judicial integrity."  *Bischoff*, 180 F.Supp.2d at 1114; *Hamilton*, 270 F.3d at 782-83.

Because the factual overlap between the Underlying Complaint and the Declaratory Judgment Complaint could lead to inconsistent findings, the declaratory judgment action must be stayed.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

10

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

### 4. *A Determination in the Declaratory Judgment Action Will Present a Risk of Collateral Estoppel in the Underlying Action*

Allowing the declaratory judgment action to advance also presents an issue of collateral estoppel that could prejudice the Insured Former Directors and Officers in the underlying action. "A coverage action should not proceed . . . if it may result in *factual* determinations that would prejudice the insured in the third party action." *GGIS Ins. Services, Inc. v. Superior Court,* 168 Cal.App.4th 1493, 1504 (2009) (emphasis in original). An insured "may be prejudiced by factual determinations in a coverage action that would support the third party's claim of liability. Those factual determinations may be binding on the insured in the third party action under the doctrine of collateral estoppel." *Id.* (citing *Montrose II* at 910).

The risk of collateral estoppel arises directly from the language of the Policy. The Policy defines "Loss" as "the amount which the Insureds become <u>legally obligated</u> to pay on account of each Claim." Dec. Judg. Compl. at ¶ 16 (emphasis added). The Policy excludes from Loss "any unrepaid, unrecoverable or outstanding loan, lease or extension of credit to an Affiliated Person or Borrower." *Id.* at ¶ 28. The underlying action has not yet reached *any* final adjudication (or other final resolution) with respect to the FDIC's claims, much less a final adjudication that not only *legally obligates* the Insured Former Directors and Officers to pay damages to the FDIC, but classifies these damages as "unrepaid, unrecoverable or outstanding loan[s], lease[s] or extension[s] of credit." The Insured Former Directors and Officers, of course, contest liability in the underlying action—and, *ergo*, contest that they must pay "unrepaid, unrecoverable or outstanding loan[s]."

If the Court does not stay the declaratory judgment action and later reaches a determination that the Unrepaid Loan Carve-Out *does* apply to bar coverage, there is a risk that the FDIC will contend that the Insured Former Directors and Officers

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

11

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

are collaterally estopped from contesting (or, more precisely, *continuing* to contest) liability in the underlying action.  More specifically, the FDIC may argue that because it has been established (in the declaratory action) that the Unrepaid Loan Carve-Out applies, then, given the terms of the Policy, it has therefore been established that: (a) the Insured Former Directors and Officers are "legally obligated" to pay damages to the FDIC; and (b) these damages are "unrepaid, unrecoverable or outstanding loan[s]."

The fact that the Insured Former Directors and Officers do not concede and would vigorously oppose the above-described FDIC argument is immaterial to the merits of this Motion to Stay under California law.  Under *Montrose II* and its progeny, a declaratory action must be stayed not only if the declaratory action *will* result in collateral estoppel in the underlying action, but if it *may* result in collateral estoppel in the underlying action.  "A stay is *required* . . . [when] the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action."  *United Enterprises, Inc. v. Superior Court,* 183 Cal.App.4th 1004, 1001 (2010) (emphasis in original; emphasis added) (citing *Montrose II* at 909-911).

The respective trial dates of the declaratory judgment action and the underlying action present an additional risk of collateral estoppel, separate and independent from the risk presented by Travelers' Motion for Summary Judgment.  Trial in the declaratory judgment action is scheduled for September 9, 2014.  Civil Minutes - General, No. 13-00424, Dkt. 35, Aug. 12, 2013.  Trial in the underlying action is scheduled for October 21, 2014 – six weeks *after* trial in the declaratory judgment action.  Scheduling Order, No. 12-01938, Dkt. 27, April 15, 2013.  Accordingly, since the trial in the declaratory judgment action will precede the trial in the underlying action, the results of the declaratory judgment action trial may collaterally estop the Insured Former Directors and Officers in underlying action trial.

1 **C.     Because There Is a Potential for Coverage, the Declaratory**

2 **Judgment Action Should Be Stayed**

3      It is well settled law that an insurer's duty to defend is broader than its duty

4 to indemnify.  *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal.4th 287, 295 (1993)

5 ("*Montrose I*").  As a result, "a liability insurer owes a broad duty to defend its

6 insured against claims that create a *potential* for indemnity," even where no actual

7 liability ultimately results.  *Id.* (citing *Horace Mann Ins. Co. v. Barbara B.*, 4

8 Cal.4th 1076, 1081 (1993)) (emphasis added); *see also Gray v. Zurich Ins. Co.*, 65

9 Cal.2d 263, 275 (1966) ("[T]he carrier must defend a suit which *potentially* seeks

10 damages within the coverage of the policy.") (emphasis original).  Declaratory

11 judgment should only be granted where "the coverage questions are logically

12 unrelated (that is, irrelevant) to the issues of consequence in the [underlying action]

13 so that they could be determined in the declaratory relief action without prejudice

14 to [the insured] in the underlying action[]."  *Montrose II*, 25 Cal.App.4th at 908.

15      Where a comparison of the underlying complaint to the policy at issue

16 exposes a *potential* for liability, there will necessarily be coverage questions that

17 are related to the issues of consequence: the court will need to assess the strength

18 of the various allegations to determine whether coverage exists.[2]  In such a case,

19 the declaratory judgment issues must await a ruling in the underlying action.  Here,

20 there is a potential for coverage of the Underlying Complaint under the Policy.  As

21 demonstrated above, the Underlying Complaint contains two types of allegations:

22 broad allegations related to the general management of the Bank and more focused

23 allegations related to specific loans (and the Insured Former Directors and

24 Officers' conduct in underwriting and approving those loans).  The Declaratory

25

26 ───────────────

[2] The Insured Former Directors and Officers contest and do not admit the FDIC's allegations and

27 the viability of the FDIC's asserted causes of action in the Underlying Complaint.  The fact
that the Insured Former Directors and Officers contest and do not admit the FDIC's allegations

28 and asserted causes of action is immaterial to the merits of this Motion to Stay under California
law.

1  Judgment Complaint, however, only references the latter, more focused
2  allegations.

3  Even if we were to accept Travelers' position that it has no duty to defend
4  the claims relating to the eleven (11) specific loans (which we do not), the
5  underlying dispute involves more than just those claims; it also involves claims of
6  general mismanagement, which are covered by Travelers' broad duty to defend
7  under the Policy.  Before the Court in the declaratory judgment action can rule that
8  Travelers has no duty to defend the underlying action, the Court in the underlying
9  action would have to determine that the general mismanagement claims are
10 invalid, and that the only claims asserted by the FDIC-R are claims based on
11 specific loan losses.  The Court in the underlying matter has not made such a
12 ruling, and thus it is premature to rule on the Declaratory Judgment Complaint.

13 Critically, Travelers has paid defense costs incurred by the Insured Former
14 Directors and Officers in investigating and defending against the FDIC's claims.[3]
15 In doing so, Travelers has conceded that there is, at the very least, the *potential* that
16 the FDIC's claims are covered under the Policy.

17 **D.      The Insured Former Directors and Officers Will Be Prejudiced If**
18 **Forced to Fight a "Two-Front War"**

19 The Insured Former Directors and Officers will also be prejudiced if they are
20 required to simultaneously litigate both the underlying action and the declaratory
21 judgment action.  This provides an independent (and independently sufficient)
22 basis for the Court to stay the declaratory judgment action.

23 Even if there is no factual overlap between the two actions, a court may stay
24 a declaratory judgment action if the prejudice to the insured from fighting a "two-
25 front war" outweighs the prejudice to the insurer from delaying the declaratory

26

27 [3] Certain Insured Former Directors and Officers and their counsel contend that Travelers has not
   paid the full amount of Defense Costs owed under the Policy.  The Insured Former Directors
28 and Officers reserve all rights in this regard.  This dispute does not involve the issue of the
   potential for coverage of the FDIC's claims.

judgment action. See *Navigators Specialty Ins. v. CHSI*, No. 12-1611-GPC-JMA, 2013 U.S. Dist. LEXIS 14901, *26 (S.D. Cal. Feb. 4, 2013) ("Courts have held that regardless of factual overlap, prejudice to the insured occurs when it is forced to fight a 'two front war'"); *Sierra Pacific Industries v. Am. States Ins. Co.*, No. 2:11-cv-00346-MCE-JFM, 2012 U.S. Dist. LEXIS 87012, *11 (June 21, 2012) ("An insured can be prejudiced by having to expend resources fighting with its own insurer while at the same time attempting to defend itself against liability that its insurance was presumably supposed to cover. In assessing whether a stay is indicated on this basis, the Court must look both to any potential prejudice on the insured's part as well as the prejudice to the insurer in not proceeding forward with a coverage determination"); *Great American Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 237 (2009) ("[I]n a case in which there is no factual overlap with the issues to be resolved in the underlying case, the trial court must exercise its discretion on a motion for stay, balancing the insured's interest in not fighting a two-front war against the insurer's interest in not being required to continue paying defense costs which it may not owe and likely will not be able to recoup").

A court may also consider its own docket and interests of judicial economy when ruling on a motion to stay. See *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court") (internal citations omitted).

### 1. *Prejudice to the Insured Former Directors and Officers from Fighting a Two-Front War*

The prejudice to the Insured Former Directors and Officers resulting from fighting a two-front war outweighs any prejudice that Travelers may experience if

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

15

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

1   the court stays the declaratory judgment action.  If both actions proceed

2   simultaneously, the Insured Former Directors and Officers will be forced to divide

3   their time, energy, and resources between the two suits, reducing their ability to

4   effectively litigate either one.  See *Cont'l Cas. Co. v. Global Allies, LLC*, No. 2:11-

5   cv-03237-MCE-KJN, 2012 U.S. Dist. LEXIS 153023, *10 (E.D. Cal. Oct. 23,

6   2012)  ("An insured can be prejudiced by having to expend resources fighting with

7   its own insurer while at the same time attempting to defend itself against liability

8   that its insurance was presumably supposed to cover").  The prejudicial impact of

9   this division is particularly acute here, where both actions are at critical stages –

10   discovery is ongoing in both actions, a motion for summary judgment is pending in

11   the declaratory judgment action, and the underlying action is advancing towards

12   the summary judgment phase.  To effectively navigate these important stages of

13   the litigation proceedings, the Insured Former Directors and Officers must devote

14   their full attention and resources to each issue.  They are unable to do so if they are

15   forced to battle on two fronts.

16        Moreover, proceeding with the declaratory judgment action will prejudice

17   the Insured Former Directors and Officers because it will disrupt the natural

18   settlement dynamic between the parties.  The looming motion for summary

19   judgment in the declaratory judgment action, coupled with the expense and

20   difficulty of litigating two actions simultaneously, places undue pressure on the

21   Insured Former Directors and Officers to settle the underlying dispute.  An insurer

22   is not permitted to interfere with settlement negotiations in this manner.  See

23   *Zurich Ins. Co. v. Alvarez,* 669 F. Supp. 307, 311 (C.D. Cal. 1987) (decrying the

24   use of declaratory judgment actions by insurers "as a ploy to force settlement

25   negotiations to a successful conclusion in the [underlying action]"); *State Farm*

26   *Fire & Casualty Co. v. McIntosh,* 837 F. Supp. 315, 317 (N.D. Cal. 1993) ("[T]he

27   pendency of a federal suit for declaratory judgment regarding coverage may

28   adversely affect settlement, and thereby undermine the efficiency of the dispute

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

16

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

1   resolution process. . . . [T]he [declaratory judgment] suit may have a profound

2   influence on settlement negotiations, tipping the balance unfairly in favor of the

3   insurer").

4       The case of *Evanston v. Barkandbrew*, No. 09 CV 2295 JLS, 2010 WL

5   2573209 (S.D. Cal. June 22, 2010) is instructive on this point.  There, the court

6   stayed an insurer's declaratory judgment action on the grounds that proceeding

7   with the declaratory judgment action would "unduly hinder settlement, give an

8   unfair advantage to the insurer, or otherwise undermine the efficiency of the

9   dispute resolution process."  *Id*. at *5.  The court reached this conclusion by

10  evaluating the time line of the two actions, noting that there was a motion for

11  summary judgment pending in the declaratory judgment action and that the

12  underlying action was nearing trial.  *Id*.  The court stated there was "no telling as to

13  when" it would rule on the motion for summary judgment, and the "uncertainty of

14  when such a judgment will be issued create[d] an undue pressure" on the

15  underlying action as it neared trial.  *Id*.

16      The concerns expressed by the court in *Evanston* are present here.  The

17  underlying action is nearing the summary judgment phase, and by the time the

18  hearing on Travelers' motion for summary judgment is heard, there may well be a

19  motion for summary judgment pending in the underlying dispute.  Proceeding with

20  the declaratory judgment action while the underlying action nears a dispositive

21  phase will "unduly hinder settlement" and "undermine the efficiency of the dispute

22  resolution process" by injecting needless uncertainty into the negotiations.  An

23  insurer may not place such undue pressure on its insured.  *Zurich Ins. Co.*, 669 F.

24  Supp. at 311.

25      **2.    *Prejudice to Travelers Resulting from Staying the***

26  ***Declaratory Judgment Action***

27      In contrast, Travelers will face minimal prejudice if the declaratory

28  judgment action is stayed.  The underlying action has been litigated for more than a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

17

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

year, and it is advancing towards the motion for summary judgment phase and trial.  Thus, the underlying dispute is scheduled to be resolved within a reasonable time, and the insurer will not be required to defend the Insured Former Directors and Officers for a significant additional length of time.  Compare *Progressive Cas.*, 2012 U.S. Dist. LEXIS 173423, at \*37 ("[W]hile '[a] stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time,' the FDIC has yet to even finish its investigation, let alone file a lawsuit"), quoting *Leyva*, 593 F.2d at 864.

**3.      *Prejudice to the Judicial System and the Interest of Judicial Economy***

Finally, the Court should consider the public's interest in reducing congested court dockets and its own interest in avoiding duplicative labor when ruling on a motion to stay.  See *Leyva*, 593 F.2d at 863-43 (observing that a court may order a stay of an action pursuant to its power to control its docket and calendar); see also *Meras Eng., Inc. v. CH2O, Inc.*, No. C-11-0389 EMC, 2013 U.S. Dist. LEXIS 5426 (N.D. Cal. Jan. 14, 2013) ("A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel and litigants.  For the sake of judicial economy, such a stay may be granted pending the outcome of other legal proceedings related to the case").  Proceeding with the declaratory judgment action and the underlying action simultaneously causes unnecessary congestion in the court system, as the system may find itself facing motions for summary judgment in both actions.  See *State Farm*, 837 F.Supp. at 317 ("It hardly husbands scarce judicial resources to allow separate suits stemming from the same overall controversy and involving overlapping issues to proceed simultaneously on parallel tracks").  Conversely, if the Court stays the declaratory judgment action and the underlying dispute is resolved in favor of the Insured Former Directors and Officers, the issues in the declaratory judgment action will largely be mooted.  See

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3421892.10

18

DEFENDANTS FORKNER, CUMMINGS, CRUSE AND ADAMS'
MOTION TO STAY PROCEEDINGS

*Zurich Ins. Co.*, 669 F. Supp. at 310 (observing that the expense of litigating coverage is best incurred only after a determination that the underlying claim is valid).  Staying the declaratory judgment action eliminates the risk that the court will engage in needless labor, and thereby serves the interests of judicial economy and preserves judicial resources.

> **4.**     ***The Balance of Prejudices***

In sum, the prejudicial effect of forcing the Insured Former Directors and Officers to fight a two-front war outweighs the additional costs that Travelers may incur defending the underlying action, and staying the declaratory judgment action serves the  interests of judicial economy.  The court should exercise its discretion and stay the declaratory judgment action until the underlying dispute is resolved.

## IV.     CONCLUSION

For the foregoing reasons, the Insured Former Directors and Officers respectfully request that the Court enter an order staying the proceedings until <u>after</u> related issues in the underlying action are determined by way of judgment or settlement.

Date: January 3, 2014                    Respectfully submitted,


                                         LATHAM & WATKINS LLP
                                             Peter K. Rosen
                                             S. Drew Levin


                                         By: /s/ Peter K. Rosen
                                             Peter K. Rosen
                                             Attorneys for Defendants